UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-10171 |
| | ) | Chapter 7 |
| ARLYN JUARD COLEMAN | ) | |
| SSN/ITIN xxx-xx-1739 | ) | |
| | ) | |
| and | ) | DECISION RE:  REAFFIRMATION |
| | ) | AGREEMENT BETWEEN DEBTORS |
| BARBARA LYNN COLEMAN | ) | AND BENEFICIAL SOUTH DAKOTA INC. |
| SSN/ITIN xxx-xx-0544 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is a reaffirmation agreement between Debtors and Beneficial South Dakota Inc.  This decision and the accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  For the reasons discussed below, the Court will disapprove the reaffirmation agreement.

I.

Debtors and Beneficial South Dakota Inc. entered into a reaffirmation agreement with respect to a debt secured by a mortgage against Debtors' homestead (doc. 17). Debtors' attorney signed the agreement and indicated in part IV of the agreement, "[a] presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment."

The Court scheduled a hearing (doc. 20), at which Debtors essentially conceded they were unable to overcome the presumption of undue hardship.  However, they argued pursuant to 11 U.S.C. § 524(k)(3)(J)(i) they did not need Court approval of the agreement.  The Court found Debtors had not rebutted the presumption of undue

hardship, but reserved the issue of whether § 524(k)(3)(J)(i) excused the Court from reviewing the agreement under 11 U.S.C. § 524(m)(1) (doc. 21).

II.

Section 524(k), which was added to the bankruptcy code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), describes a number of disclosures that must be made in connection with a reaffirmation agreement, including the one upon which Debtors rely.

> 7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, *except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.*

11 U.S.C. § 524(k)(3)(J)(i) (emphasis added).

Debtors' reliance on this provision is misplaced. The quoted language appears to be nothing more than a "plain English" explanation of the provisions of 11 U.S.C. § 524(c)(6)(B) (discussed below). Moreover, to the extent it is something more, Debtors *were* represented by an attorney during the negotiation of the reaffirmation agreement with Beneficial South Dakota Inc.

In cases filed before October 17, 2005, the effective date of BAPCPA, the Court's involvement with reaffirmation agreements was strictly limited. If the debtor was represented by an attorney during the course of negotiating a reaffirmation

-2-

agreement, the Court did not review or approve the agreement.  *See* 11 U.S.C. § 524(c)(6)(A).  If the debtor was not represented by an attorney during the course of negotiating a reaffirmation agreement, but the debt being reaffirmed was a consumer debt secured by real property, the Court likewise did not review or approve the agreement.  *See* 11 U.S.C. § 524(c)(6)(B).

Neither § 524(c)(6)(A) nor § 524(c)(6)(B) was expressly modified by BAPCPA. Both subparagraphs read the same today as they did on October 16, 2005.  However, in cases filed on or after October 17, 2005,

> it shall be presumed that [a reaffirmation] agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses . . . is less than the scheduled payments on the reaffirmed debt.  This presumption shall be reviewed by the court.  The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement.

11 U.S.C. § 524(m)(1).

Section 524(m)(1) does not distinguish between reaffirmation agreements that were negotiated with the assistance of counsel and those that were negotiated without the assistance of counsel, or between those in which the debt being reaffirmed is a consumer debt secured by real property and those in which the debt being reaffirmed is not a consumer debt secured by real property.  If the newly created presumption of undue hardship arises, the Court must review the presumption, and if the presumption is not rebutted to its satisfaction, the Court may disapprove the

agreement.  This is so, even if the agreement was negotiated with the assistance of counsel, and even if the debt being reaffirmed is a consumer debt secured by real property.  *See In re Schmidt*, 397 B.R. 481, 484 (Bankr. W.D. Mo. 2008).

The lone exception is for reaffirmation agreements with federal credit unions, with respect to which the presumption of undue hardship never arises.  *See* 11 U.S.C. § 524(m)(2).  Had Congress wanted to make additional exceptions to § 524(m)(1) for reaffirmation agreements that were negotiated with the assistance of counsel or those in which the debt being reaffirmed is a consumer debt secured by real property, it could easily have done so.

At first blush, this interpretation of § 524(m)(1) might appear to at least partially duplicate § 524(c)(6)(A) with respect to reaffirmation agreements that were negotiated without the assistance of counsel.  Even worse, it might appear to write § 524(c)(6)(B) out of the bankruptcy code with respect to reaffirmation agreements in which the debt being reaffirmed is a consumer debt secured by real property.  However, it is possible to reconcile those apparent conflicts.  Simply put, § 524(c)(6) continues to govern reaffirmation agreements with respect to which the presumption of undue hardship does not arise, and § 524(m)(1) governs those with respect to which the presumption arises.

When a reaffirmation agreement is filed, the Court is thus confronted with four possible scenarios.  If the presumption does not arise and the debtor was represented by an attorney during the course of negotiating the agreement, the Court does not

-4-

need to approve or disapprove the agreement. *See* 11 U.S.C. § 524(c)(6)(A). If the presumption does not arise, the debtor was not represented by an attorney during the course of negotiating the agreement, and the debt being reaffirmed is a consumer debt secured by real property, the Court likewise does not need to approve or disapprove the agreement. *See* 11 U.S.C. § 524(c)(6)(B). However, if the presumption does not arise, the debtor was not represented by an attorney during the course of negotiating the agreement, and the debt being reaffirmed is not a consumer debt secured by real property, the Court needs to review and approve the agreement as not imposing an undue hardship on the debtor or the debtor's dependents and being in the debtor's best interest. 11 U.S.C. § 524(c)(6)(A) and (B). Lastly, and dispositive of the matter before the Court, if the presumption arises, the Court must review the presumption, and if the presumption is not rebutted to the Court's satisfaction, the Court may disapprove the agreement. 11 U.S.C. § 524(m)(1).

III.

In this case, the presumption arose and was not rebutted to the Court's satisfaction. Consequently, the Court will enter an order disapproving the reaffirmation agreement between Debtors and Beneficial South Dakota Inc.

Dated: December 7, 2010.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

-5-

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Barbara Lynn Coleman
1105 Davis Avenue
Estelline, SD 57234

Arlyn Juard Coleman
1105 Davis Avenue
Estelline, SD 57234

Beneficial South Dakota
Attn: John D. Schlotter
636 Grand Regency Boulevard
Brandon, FL 33510